**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **SALIENT CRGT, INC.,** ) | |
| 4000 Legate Road ) | |
| Suite 600 ) | |
| Fairfax, VA  22033 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-00236 |
| ) | |
| **SOLUTIONS BY DESIGN II, LLC,** ) | |
| 1953 Gallows Road ) | |
| Suite 650 ) | |
| Vienna, VA  22182 ) | |
| ) | |
| Serve:  Patrick Norman, Registered Agent ) | |
| 1953 Gallows Road, Suite 650 ) | |
| Vienna, VA 22182 ) | |
| ) | |
| and ) | |
| ) | |
| **CURTIS L. HALL,** ) | |
| 5710 25th Street, N. ) | |
| Arlington, VA  22205 ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff, Salient CRGT, Inc. ("Salient CRGT"), by counsel, in support of its Complaint

against Solutions By Design II, LLC ("SBD") and Curtis L. Hall states as follows:

## INTRODUCTION

1.      This is an action to seek redress for Defendants SBD's and Curtis Hall's: (1)

unlawful misappropriation of Salient CRGT's trade secrets in violation of the Defend Trade

Secrets Act, 18 U.S.C. § 1836 *et seq*. and the Virginia Uniform Trade Secrets Act, Va. Code

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO**
**SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**
**OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

Ann. §§ 59.1–336 to 59.1–343; and (2) Breach of the Non-Disclosure Agreement entered into by

Salient CRGT and SBD on November 7, 2019 ("NDA").

2.      In this action, Salient CRGT seeks an order instructing Defendants to withdraw

immediately the quote submitted by SBD in response to the United States Department of

Housing and Urban Development ("HUD") Response to Request for Quotes ("RFQ") No.

ID11190052, which improperly contains confidential, proprietary and trade secret information

belonging to Salient CRGT.  Salient CRGT also seeks an order instructing Defendants to destroy

and/or delete immediately any Salient CRGT confidential and/or proprietary information in

SBD's or Mr. Hall's possession related to SBD's quote and to submit a written certification that

such destruction and/or deletion has occurred.

## PARTIES

3.      Salient CRGT is a Maryland corporation with its principal place of business

located in Fairfax County, Virginia.  Salient CRGT is a citizen of Maryland and Virginia.

4.      Defendant SBD is a Virginia limited liability company with its principal place of

business located in Vienna, Virginia.  As of the time of filing this action, the citizenship of the

individual members of SBD are unknown to Salient CRGT.

5.      Defendant Curtis L. Hall is an employee of SBD and served as its business

development/capture manager for the work described in this Complaint.  Mr. Hall is a citizen of

Virginia.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

this action asserts a claim for misappropriation of trade secrets under the Defend Trade Secrets

Act, 18 U.S.C. § 1836, *et seq.*, against Defendants.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO
SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

7.      This Court has supplemental jurisdiction over Salient CRGT's remaining claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Salient CRGT's claim under the Defend Trade Secrets Act that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants are located in this district and because the events giving rise to this Complaint occurred in this district.  Venue is also proper in this district because Salient CRGT and SBD agreed that disputes relating to the NDA that is the subject of this matter would be maintained in this Court.

## FACTUAL ALLEGATIONS

9.      Salient CRGT, through its subsidiary, Advanced Technology Systems, Inc. has served as a contractor to HUD for over 30 years, providing Applications Operations & Maintenance ("O&M") services in support of HUD's Program Office Grouping ("POG") for Single Family Housing across the country.

10.     On November 8, 2019, HUD issued Solicitation No. ID11190052 as an RFQ, seeking quotes from offerors to provide O&M services under a Blanket Purchase Agreement ("BPA"), and two task orders.

11.     HUD bifurcated the award of the task orders by deeming Task Order 01 for POG 6 Single Family Housing ("POG 6") as unrestricted, meaning that all eligible contractors, large or small, could provide a quote for the subject services.  *See* RFQ, attached as **Exhibit 1**.

12.     Task Order 02 for POG 5 Multi Family Housing ("POG 5") is set aside for small businesses under the North American Industry Classification System ("NAICS").  *Id.*

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

13.     Salient CRGT is a large business under all relevant NAICS Codes.

14.     At the time HUD issued the RFQ, SBD represented itself as being a small business under relevant NAICS codes.

15.     Salient CRGT and SBD formed an agreement to compete for award of POG 5 with SBD as the Prime Offeror and POG 6 with Salient CRGT as the Prime Offeror through teaming agreements discussed herein.

16.     On November 7, 2019, Salient CRGT and SBD entered into the NDA limiting the disclosure of each party's confidential and proprietary information related to the RFQ.  *See* NDA dated November 7, 2019, attached as **Exhibit 2**.

17.     The stated purpose of the NDA was to provide Salient CRGT and SBD with a mechanism and capability for the exchange of confidential and proprietary information for the purpose of the parties' discussions related to the HUD BPA opportunity.

18.     The NDA expressly names coordinators for each party who are charged with the responsibility of supervising the disclosure of confidential and proprietary information under the NDA.

19.     The proprietary information coordinator under the NDA for SBD is Curtis Hall.

20.     The NDA defined "Proprietary Information" as "all information of any form or characteristic – whether transmitted in writing, electronically, orally, or through observation (such as plant tours or demonstrations), and whether transmitted before or after the execution of this Agreement, that the Disclosing Party has designated as confidential or proprietary." *Id*.

21.     The NDA restricted the disclosure of Proprietary Information as follows:

> During the term of this Agreement each Party shall: (i) use the Disclosing Party's Proprietary Information only for the Purpose stated above; (ii) not disclose the Disclosing Party's Proprietary Information to any third party;

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

(iii) not disclose the Disclosing Party's Proprietary Information to any employee of the Receiving Party who does not have a need-to-know such information for the Purpose stated above or who is evaluating or participating in an opportunity that is or may be competitive with the Purpose stated above; (iv) protect the Disclosing Party's Proprietary Information by employing the same standard of care the Receiving Party uses to protect its own Proprietary Information, but in no event less than reasonable care; and (v) promptly notify the Disclosing Party of any unauthorized use or disclosure of the Disclosing Party's Proprietary Information and take all steps reasonably necessary to prevent further unauthorized use and disclosure.

22.     SBD and Salient CRGT executed the NDA on November 13, 2019. *Id.*

23.     Also on November 13, 2019, Salient and SBD entered into a Teaming Agreement ("Salient CRGT Teaming Agreement") whereby Salient CRGT would serve as the prime contractor ("Prime") and SBD would serve as a subcontractor/team member for POG 6. *See* Salient CRGT Teaming Agreement, attached as **Exhibit 3**.

24.     The Salient CRGT Teaming Agreement expressly incorporates the NDA and governs the disclosure of confidential and proprietary information under the Salient CRGT Teaming Agreement.

25.     Paragraph 22 of the Salient CRGT Teaming Agreement states the following:

Exclusive Agreement. This is an exclusive relationship for the unrestricted portion of the Procurement and Subcontractor shall not participate in or team with or otherwise submit a proposal in support of the unrestricted portion of the Solicitation during the term of this Agreement unless agreed to in writing by the Prime.

26.     Exhibit A to the Salient CRGT Teaming Agreement also states:

Salient CRGT: As the prime contractor, the [*sic*] Salient CRGT provides the access to the contract vehicle, and has the technology service offerings that support requirements, including approach, methodology, program management, and technical support.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

<u>Team Member:</u> Team Member agrees to exclusively partner with Salient CRGT on the unrestricted BPA and will not participate, as prime or subcontractor, on any competing team.

27.     Salient CRGT and SBD worked together to formulate a quote under the Salient CRGT Teaming Agreement for POG 6.  As a result of working together, Salient CRGT disclosed confidential and proprietary information with SBD subject to the parties' November 7, 2019 NDA.

28.     On November 14, 2019, Salient CRGT entered into a teaming agreement with SBD ("SBD Teaming Agreement") whereby SBD would submit a quote for POG 5 as the small business Prime and Salient CRGT would serve as a subcontractor/team member.  *See* SBD Teaming Agreement, dated November 14, 2019, attached as **Exhibit 4**.

29.     The SBD Teaming Agreement expressly incorporates the NDA and governs the disclosure of confidential and proprietary information under the SBD Teaming Agreement.

30.     Salient CRGT and SBD worked together to formulate a quote for SBD to submit as a Prime for POG 5.

31.     On January 9, 2020, HUD responded to certain questions from potential offerors. Upon review of HUD's responses, Salient CRGT was no longer certain that it was eligible to submit a compliant quote as the Prime for POG 6 because of HUD's requirement that contractors hold a current General Services Administration ("GSA") IT Schedule 70 Contract with at least ten years of option periods remaining.

32.     On January 12, 2020, Salient and SBD entered into a Teaming Agreement Modification ("SBD Teaming Agreement Modification"), modifying the SBD Teaming Agreement dated November 14, 2019.  *See* SBD Teaming Agreement Modification, dated January 11, 2020, attached as **Exhibit 5**.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

33.     The SBD Teaming Agreement Modification expanded the Scope of Work under SBD's quote to include a quote by SBD on Task Order 01 for POG 6 and stated, "[t]he purpose of the Modification is to expand the scope of the Agreement to include POG 6, Operations and Maintenance Tasks for Single Family Housing." *Id.*

34.     The SBD Teaming Agreement Modification also amended Section A.3 and A.4 of the SBD Teaming Agreement to include Task Order 01 for POG 6. *Id.*

35.     However, this expansion was not unlimited. The SBD Teaming Agreement Modification contained an automatic termination provision if Salient CRGT derived a solution to submit its own quote for POG 6.

36.     In other words, pursuant to the SBD Teaming Agreement Modification, SBD would submit a quote as the Prime for POG 6 if, and only if, Salient CRGT did not have a viable means of submitting a quote as the Prime for POG 6.

37.     Specifically, the SBD Teaming Agreement Modification states:

> This Modification shall terminate if Teammate [Salient CRGT] derives a viable GSA solution to bid this opportunity as Prime with no further assistance needed from SBD.

38.     The parties expressly agreed that if the SBD Teaming Agreement Modification was terminated, SBD would not submit a quote for POG 6 and it would not use any of Salient CRGT's confidential and proprietary trade secrets information. The SBD Teaming Agreement Modification states:

> Upon termination, SDB [sic] agrees that it will no longer submit a bid for POG 6 and will certify in writing, that they have not and will not use any information provided by Teammate [Salient CRGT] related to POG 6, and that all information has been destroyed and/or deleted.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

39.     The SBD Teaming Agreement Modification was known to the parties as a backup plan in the event Salient CRGT was unable to submit a quote as a Prime for POG 6.

40.     Furthermore, SBD was aware that it was critical to Salient CRGT that the quote be submitted as late in the day on January 13, 2020 as practicable (i.e. the date quotes for POG 6 were due) because Salient CRGT was reserving the right to submit the quote naming itself as the Prime, if that became a viable option.  *See* Cynthia Bishop Declaration, dated February 28, 2020, at ¶8, attached as **Exhibit 6**.

41.     On January 10, 2020, Salient CRGT provided SBD with its proprietary information to be used for SBD's quote on POG 6, subject to the restrictions in the NDA and the SBD Teaming Agreement Modification.  *See* Merryl Azriel Declaration, dated February 28, 2020, at ¶5, attached as **Exhibit 7**.

42.     Salient CRGT emailed Clyde Goldbach, Jr. at SBD with three Excel Spreadsheets that constituted Salient CRGT's price file, including Attachments B, L, and N for use in the SBD quote.  *Id*. at ¶6.[1]

43.     Those files included pricing sheets, which contained Salient CRGT's proprietary labor staffing mix, including labor categories and prices.  The pricing sheets broke down Salient CRGT's proposed labor staffing mix by task items, including the labor category, level, labor rate, proposed number of hours, and the total prices per employee.  *Id.* at ¶7.

---

[1] Due to the sensitive nature of the proprietary information Salient CRGT provided to SBD, as referenced in paragraphs 42 – 47 herein, Salient CRGT has not attached those documents as exhibits to this complaint.  Salient CRGT will make them available for the Court's in-camera review upon its request, if necessary.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

44.     In addition, Salient CRGT provided a pricing schedule, which also demonstrated, for each base year and each option year, the labor category, GSA schedule labor rate, percentage discount offered for this procurement, and quoted labor rate for the BPA.  *Id*. at ¶8.

45.     In other pricing sheets, Salient CRGT broke out this information by Contract Line Item ("CLIN"), including the total hours and price ceiling.  *Id*. at ¶9.

46.     Then by phone, Salient CRGT spoke with Mr. Goldbach to explain Salient CRGT's pricing strategy, and explained how Salient CRGT brought down its prices for POG 6. *Id*. at ¶10.

47.     On Saturday, January 11, 2020, Salient CRGT also sent SBD another email to SBD's core quote team, including Clyde Goldbach, Curtis Hall, and Erik Rodriquez (SBD's Director of Contracts and signatory to the Salient CRGT Teaming Agreement and SBD Teaming Agreement Modification), attaching Salient CRGT's proprietary technical and management approach information, and lists of key personnel and their qualifications/resumes for POG 6 Single Family Housing.  *Id*. at ¶11.

48.     Salient CRGT provided its proprietary technical information to SBD in a document it created, which contained its logo.  Salient CRGT replaced its own logo in that document with SBD's logo, as it was, at that point in time, intended for SBD's use in its quote. *Id*. at ¶12.

49.     All of this information that Salient CRGT provided to SBD constitutes confidential and proprietary information, as defined in the NDA.  *Id*. at ¶13.

50.     After several amendments to the RFQ, quotes from offerors were due under the RFQ before 5:00 PM EST on January 13, 2020.  *Id*. at ¶14.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

51.     During the morning of January 12, 2020, Salient CRGT participated in a status call with Curtis Hall and other SBD representatives regarding the RFQ submission.  During that call, Salient CRGT directed SBD, and SBD agreed, to withhold any quote submittal until as late as practicable on January 13th.  *Id.* at ¶15.  Also, during that call, the parties discussed conducting a 3:30 PM EST call on January 13, 2020 to finalize the submission plan.  *See* Bishop Decl. at ¶10; *see also* Azriel Decl. at ¶15.

52.     In the evening of January 12, 2020, Ms. Azriel emailed SBD, including Curtis Hall, and explained again (as she had done previously) that SBD needs to submit the quote for POG 6 as late in the afternoon of January 13 as possible in case of a late breaking update/extension from the government.  *See* Azriel Decl. at ¶16.

53.     Also, Ms. Azriel asked if SBD could be available for a 3:30 PM EST call on January 13, 2020 to finalize the submission plan.  *See* Azriel Decl. at ¶17; *see also* email from Merryl Azriel to Curtis Hall and Angela Kowalewski (of SBD), dated January 12, 2020 at 9:38 PM, attached as **Exhibit 8**.

54.     In the morning of January 13th, the parties had another status call and again SBD, including Angela Kowalewski and Curtis Hall of SBD, agreed to have another call at 3:30 PM EST that day to finalize the submission plan.  *See* Azriel Dec. at ¶18; *see also* Exhibit 8.  Ms. Kowalewski confirmed via email at 8:43 AM EST on January 13, 2020 that she would send an invite for the 3:30 call.

55.     At no point in time did anyone from SBD voice any concerns about having a call at 3:30 PM EST on January 13, 2020 to finalize the quote submission.  *See* Azriel Decl. at ¶19; *see also* Bishop Decl. at ¶14.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

56.     On January 13, 2020, prior to the close of the quote deadline, Salient CRGT notified SBD that it had a viable means to bid for POG 6 as the Prime without SBD assistance, and therefore expressly stated that the SBD Teaming Agreement Modification was terminated. *See* Bishop Decl., at ¶15.

57.     Specifically, on January 13, 2020 at 2:27 PM, Salient CRGT representative Cindy Bishop called Mr. Hall and explained to him that Salient CRGT had devised a viable solution to bid without SBD as the Prime.  As a result, the SBD Teaming Agreement Modification was terminated.  Ms. Bishop instructed Mr. Hall and SBD not to submit a quote on POG 6.  *Id*. at ¶16.  The SBD Teaming Agreement Modification did not require that Salient CRGT provide to SBD information as to how Salient CRGT secured the ability to bid for POG 6 as the Prime.

58.     Upon hearing this news, Mr. Hall got very angry and hung up the phone.  *Id*. at ¶17.

59.     After her call with Mr. Hall, Ms. Bishop asked Sonya Hughes (Salient CRGT) to contact SBD to confirm with it that it understood that the SBD Teaming Agreement Modification had been terminated and therefore SBD should not submit a quote for POG 6.  *Id*. at ¶18.

60.     Then, by email dated January 13, 2020 at 3:05 PM, Ms. Hughes emailed Erik Rodriguez and Curtis Hall and stated:

> This email is to terminate the HUD AOM Modification, dated January 12, 2020, to the Teaming Agreement, dated November 14, 2019, as Salient CRGT has found a viable solution to bid this opportunity as Prime.

*See* Sonya Hughes email, attached as **<u>Exhibit 9</u>**; *see also* Bishop Decl. at ¶19.

61.     In Ms. Hughes' email, she further requested that SBD "provide written certification that Solutions By Design will not submit a quote for POG 6 and has not and will not

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

use any information provided by Teammate [Salient CRGT] related to POG 6, and that all information has been destroyed and/or deleted." *Id.*; *see also* Bishop Decl. at ¶20.

62.     SBD provided no written response to Ms. Hughes' email. *See* Bishop Decl. at ¶21.

63.     At approximately 3:24 PM EST Mr. Hall called Ms. Bishop again and informed her, for the first time, that SBD had already submitted a quote for POG 6 at approximately 1:00 pm on January 13th without Salient CRGT's knowledge or consent. *Id.* at ¶22.

64.     SBD submitted the POG 6 quote despite the fact that the parties had a pending 3:30 PM conference call to discuss the submission plan and despite numerous conversations about submitting the quote as late as possible in the day. *Id.* at ¶23.

65.     SBD's POG 6 quote to HUD contains Salient CRGT's confidential and proprietary information set forth herein. Azriel Decl. at ¶21.

66.     Upon being informed of SBD's premature submittal of its POG 6 quote, Ms. Bishop asked Mr. Hall why SBD submitted a POG 6 quote when he and SBD knew the parties had a pending 3:30 PM EST call to discuss the quote submission. Mr. Hall did not respond to that inquiry. Instead, he stated to Ms. Bishop that it would be a simple task to withdraw SBD's quote for POG 6. Bishop Decl. at ¶24.

67.     During this call, Mr. Hall improperly demanded compensation from Salient CRGT in exchange for SBD's withdrawal of its quote for POG 6. *Id.* at ¶25.

68.     In that phone call, Ms. Bishop told Mr. Hall that she was not going to discuss any compensation with Mr. Hall at that time because (1) the SBD Teaming Agreement Modification did not require any additional compensation to SBD if Salient CRGT terminated the SBD Teaming Agreement Modification and (2) Ms. Bishop did not appreciate that Mr. Hall was angry

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

and needed him to calm down.  Mr. Hall cut off the conversation and again hung up the phone.

*Id.* at ¶26.

69.     Thereafter Mr. Hall and SBD refused, and continue to refuse, to withdraw SBD's quote for POG 6 that contains Salient CRGT's confidential and proprietary information even though they are aware that their submittal of the POG 6 quote contains Salient CRGT's confidential and proprietary information.

70.     Mr. Hall and SBD refused, and continue to refuse, to certify that SBD has destroyed and/or deleted Salient CRGT's confidential and proprietary information.

71.     Specifically, once Salient CRGT became aware that SBD had failed to withdraw the SBD Quote, counsel for Salient CRGT sent demand letters to SBD on January 18 and February 10, 2020.  Pursuant to the SBD Teaming Agreement, Salient CRGT was required to participate in a settlement meeting with SBD involving senior leadership of both parties prior to the initiation of any litigation.  After SBD's delay, that meeting occurred on February 18, 2020.  At that meeting, SBD and Mr. Hall refused to withdraw the SBD POG 6 quote and refused to return or destroy Salient CRGT's proprietary information in their possession, necessitating the filing of this action.

72.     SBD's improperly submitted POG 6 quote includes Salient CRGT's proprietary information discussed in this Complaint, which had been provided by Salient CRGT to SBD pursuant to the NDA and SBD Teaming Agreement Modification, for the limited purpose of assisting SBD's quote on POG 6.

73.     Indeed, on the afternoon of January 12, 2020, SBD submitted to Salient CRGT a version of its POG 6 quote for Salient CRGT's review, which included Salient CRGT's confidential and proprietary information throughout.  *See* **Exhibit 10**.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

74.     As late as 1:13 PM ET on January 13, 2020, SBD's quote team was still seeking additional information from Salient CRGT to support SBD's quote for POG 6. *See* **Exhibit 11**.

75.     But for the existence and use of Salient CRGT's proprietary and confidential information, SBD would have been incapable of submitting a POG 6 quote to HUD for two reasons: (1) SBD was in an exclusive agreement under the Salient CRGT Teaming Agreement that stated SBD would not submit a quote for POG 6; and (2) Salient CRGT's confidential and proprietary information included Salient CRGT's technical and pricing approaches including Salient CRGT's past performance history as the incumbent for POG 6. *See* Azriel Decl. at ¶24.

76.     Instead of withdrawing the SBD POG 6 quote as required by the termination of the SBD Teaming Agreement Modification, SBD and Mr. Hall continue to use Salient CRGT's confidential and proprietary information to Salient CRGT's detriment and without its authorization.

77.     Salient CRGT has made multiple demands to Mr. Hall and SBD to withdraw SBD's quote for POG 6. Mr. Hall and SBD have specifically refused to withdraw SBD's quote for POG 6.

78.     As a result of Mr. Hall's and SBD's actions and inaction, SBD is directly competing with Salient for POG 6 using Salient CRGT's confidential and proprietary information.

79.     At present, HUD is actively evaluating all quotes submitted in connection with POG 6 and is expected to issue a POG 6 award as early as mid-March 2020.

## COUNT I

**(Misappropriation of Trade Secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*)**

CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER

80.     Salient CRGT realleges and reincorporates by reference all preceding paragraphs as if set forth fully herein.

81.     Salient CRGT's confidential and proprietary information disclosed to SBD under the NDA (the "Trade Secrets") constitute trade secrets under the Defend Trade Secrets Act of 2016.

82.     Salient CRGT is the owner of the Trade Secrets alleged herein.

83.     Defendants misappropriated Salient CRGT's Trade Secrets.

84.     Defendants' misappropriation of Salient CRGT's Trade Secrets was willful and malicious.

85.     Salient CRGT has taken reasonable measures to keep its Trade Secrets secret. Salient CRGT's Trade Secrets are not publically known.  Salient CRGT discloses its Trade Secret information only on a need-to-know basis and when it does so, Salient CRGT implements appropriate confidentiality and/or non-disclosure agreements.

86.     Salient CRGT's Trade Secrets have economic value in that they are not readily ascertainable through legitimate means.  SBD used Salient CRGT's Trade Secrets to submit the POG 6 quote to HUD that SBD otherwise would not have been able to submit.

87.     Defendants misappropriated Salient CRGT's Trade Secrets by disclosing and using Salient CRGT's Trade Secrets in SBD's HUD quote without Salient CRGT's consent. Defendants used improper means to acquire knowledge of Salient CRGT's Trade Secrets.  At the time of SBD's disclosure and use, Defendants knew or had reason to know that its knowledge of the Trade Secrets was acquired under circumstances giving rise to a duty to maintain the secrecy of the Trade Secrets or limit the use of the Trade Secrets.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

88.     Salient CRGT's Trade Secrets are related to products or services used in, or intended for use in, interstate or foreign commerce.

89.     Salient CRGT is entitled to bring a private civil action under the Defend Trade Secrets Act of 2016.

90.     This Court is authorized under the Defend Trade Secrets Act of 2016 to grant injunctive relief to prevent SBD's actual misappropriation of Salient CRGT's Trade Secrets.

91.     This Court is authorized under the Defend Trade Secrets Act of 2016 to grant the affirmative/mandatory injunctive relief requested herein.

92.     The injunctive relief requested by Salient CRGT will not prevent any person from entering into an employment relationship and does not require the imposition of any conditions on an employment relationship.

93.     The injunctive relief requested by Salient CRGT does not conflict with applicable State law prohibiting restraints on the practice of a lawful profession, trade, or business.

94.     Defendants failed and have refused to return to Salient CRGT its Trade Secrets described herein, including, but not limited to, Salient CRGT's price file, including Attachments B, L, and N for use in the SBD quote; Salient CRGT pricing files and schedules; Salient CRGT's technical and management approach information; and lists of key personnel and their qualifications/resumes for POG 6 Single Family Housing.

95.     The Trade Secrets are not generally known or available to the public, and cannot be readily ascertained by other means.

96.     The Trade Secrets provide Salient CRGT with a competitive advantage in the marketplace.

97.     Salient CRGT compiled the Trade Secrets over many years and at great expense.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

98.     Salient CRGT kept the Trade Secrets confidential, and took reasonable steps to preserve the secrecy of the Trade Secrets, including, but not limited to, requiring SBD to enter into the NDA.

99.     SBD acquired knowledge of Salient CRGT's Trade Secrets pursuant to the NDA, and contractually bound itself to maintain the secrecy of the Trade Secrets.

100.    Salient CRGT notified Defendants it would be submitting a quote as Prime for POG 6, and that, pursuant to the parties' SBD Teaming Agreement Modification, SBD should not submit a quote as Prime for POG 6.  However, Defendants wrongly refused to withdraw SBD's quote for POG 6 that contains Salient CRGT's Trade Secrets.

101.    Defendants have refused, and continue to refuse, to return, destroy and/or delete the Trade Secrets without any basis.

102.    Defendants continue to wrongfully possess Salient CRGT's Trade Secrets.

103.    As a direct and proximate result of Defendants' actions, Salient CRGT has suffered irreparable harm.  Salient CRGT will continue to suffer irreparable harm if Defendants are not preliminarily and permanently enjoined for its unlawful actions.  The irreparable harm to Salient CRGT consists of the misappropriation of its Trade Secrets, loss of business reputation, and breach of confidentiality, all of which cannot be compensated by monetary damages.

104.    Salient CRGT has no adequate remedy at law because Defendants' actions are damaging Salient CRGT's goodwill, reputation, and ability to compete in a highly competitive marketplace.

105.    Salient CRGT is entitled to its reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

WHEREFORE, Plaintiff Salient CRGT, Inc. respectfully requests that this Court (i) order that Defendants must immediately return to Salient CRGT its Trade Secrets; (ii) order that Defendants must immediately destroy and/or delete Salient CRGT's Trade Secrets and certify that it has taken such actions; (iii) order that SBD must immediately withdraw its POG 6 quote as it was submitted in violation of the parties' agreement and contains Salient CRGT's Trade Secrets which Defendants are not authorized to use; (iv) order Defendants to pay Salient CRGT's reasonable attorneys' fees and (v) order that Salient CRGT is entitled to any further relief the Court deems just and proper.

## COUNT II

### (Misappropriation of Trade Secrets under the Virginia Uniform Trade Secrets Act, Virginia Code § 59.1-336 *et seq*.)

106.     Salient CRGT realleges and reincorporates by reference all preceding paragraphs as if set forth fully herein.

107.     Salient CRGT's Trade Secrets constitute trade secrets under the Virginia Uniform Trade Secret Act.

108.     Salient CRGT is the owner of the Trade Secrets alleged herein.

109.     Defendants misappropriated Salient CRGT's Trade Secrets.

110.     Defendants' misappropriation of Salient CRGT's Trade Secrets was willful and malicious.

111.     Salient CRGT has taken reasonable measures to keep its Trade Secrets secret. Salient CRGT's Trade Secrets are not publically known.  Salient CRGT discloses its Trade Secret information only on a need-to-know basis and when it does so, Salient CRGT implements appropriate confidentiality and/or non-disclosure agreements.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

112.    Salient CRGT's Trade Secrets have economic value in that they are not readily ascertainable through legitimate means.  SBD used Salient CRGT's Trade Secrets to submit a quote to HUD that SBD otherwise would not have been able to submit.

113.    SBD misappropriated Salient CRGT's Trade Secrets by disclosing and using Salient CRGT's Trade Secrets in SBD's HUD quote without Salient CRGT's consent.  SBD used improper means to acquire knowledge of Salient CRGT's Trade Secrets.  At the time of SBD's disclosure and use, SBD knew or had reason to know that its knowledge of the Trade Secrets was acquired under circumstances giving rise to a duty to maintain the secrecy of the Trade Secrets or limit the use of the Trade Secrets.

114.    Salient CRGT is entitled to seek relief under Virginia's Uniform Trade Secret Act.

115.    This Court is authorized under Virginia's Uniform Trade Secret Act to grant injunctive relief to prevent SBD's actual misappropriation of Salient CRGT's Trade Secrets.

116.    This Court is authorized under Virginia's Uniform Trade Secret Act to grant the affirmative/mandatory injunctive relief requested herein.

117.    The Trade Secrets are not generally known or available to the public, and cannot be readily ascertained by other means.

118.    The Trade Secrets provide Salient CRGT with a competitive advantage in the marketplace.

119.    Salient CRGT compiled the Trade Secrets over many years and at great expense.

120.    Salient CRGT kept the Trade Secrets confidential, and took reasonable steps to preserve the secrecy of the Trade Secrets, including, but not limited to, requiring SBD to enter into the NDA.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

121.    SBD acquired knowledge of Salient CRGT's Trade Secrets pursuant to the NDA, and contractually bound itself to maintain the secrecy of the Trade Secrets.

122.    Salient CRGT notified Defendants it would be submitting a quote as Prime for POG 6, and that, pursuant to the parties' SBD Teaming Agreement Modification, SBD should not submit a quote as Prime for POG 6.  However, SBD wrongly submitted a bid for POG 6 that contains Salient CRGT's Trade Secrets.

123.    Defendants refused, and continue to refuse, to return, destroy and/or delete Salient CRGT's Trade Secrets without any basis.

124.    Defendants continue to wrongfully possess Salient CRGT's Trade Secrets.

125.    As a direct and proximate result of Defendants' unlawful actions, Salient CRGT has suffered irreparable harm.  Salient CRGT will continue to suffer irreparable harm if Defendants are not preliminarily and permanently enjoined.  The irreparable harm to Salient CRGT consists of the misappropriation of its Trade Secrets, loss of business reputation, and breach of confidentiality, all of which cannot be compensated by monetary damages.

126.    Salient CRGT has no adequate remedy at law because Defendants' actions are affecting Salient's goodwill, reputation, and ability to compete in a highly competitive marketplace.

127.    Salient CRGT is entitled to its reasonable attorneys' fees pursuant to Virginia Code § 59.1-338.1.

128.    Salient CRGT is entitled to punitive damages in the amount of $350,000 pursuant to Virginia Code § 59.1-338.

WHEREFORE, Plaintiff Salient CRGT, Inc. respectfully requests that this Court (i) order that Defendants must immediately return to Salient CRGT its Trade Secrets; (ii) order that

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

Defendants must immediately destroy and/or delete Salient CRGT's Trade Secrets and certify

that it has taken such actions; (iii) order that SBD must immediately withdraw its POG 6 quote

as it was submitted in violation of the parties' agreement and contains Salient CRGT's Trade

Secrets which Defendants are not authorized to use; (iv) order Defendants to pay Salient CRGT's

reasonable attorneys' fees; and (v) order that Salient CRGT is entitled to any further relief the

Court deems just and proper.

## COUNT III

**(Breach of the November 7, 2019 Non-Disclosure Agreement (SBD only))**

129.    Salient CRGT realleges and reincorporates by reference all preceding paragraphs

as if set forth fully herein.

130.    The NDA between Salient CRGT and SBD is a valid and enforceable contract.

131.    Salient CRGT has performed all relevant obligations and conditions under the

NDA.

132.    The information Salient CRGT disclosed to SBD under the NDA constitutes

confidential and proprietary information under the NDA.

133.    In violation of the NDA, SBD used Salient CRGT's confidential and proprietary

information for a purpose other than the express purpose set forth in the NDA.

134.    In violation of the NDA, SBD disclosed Salient CRGT's confidential and

proprietary information to third parties.

135.    In violation of the NDA, SBD failed to protect Salient CRGT's confidential and

proprietary information employing the same standard of care that Salient CRGT uses to protect

its proprietary information.

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

136.    In violation of the NDA, SBD failed to promptly notify Salient CRGT of SBD's unauthorized use and disclosure of Salient CRGT's confidential and proprietary information and failed to take any steps reasonably necessary to prevent further unauthorized use and disclosure.

137.    SBD's violations of the NDA constitute intentional, first material breaches of the NDA.

138.    SBD breached and continues to breach the NDA, including by submitting a bid for POG 6 using Salient CRGT's Trade Secrets, without Salient CRGT's authorization.

139.    As a result of SBD's breaches of its obligations to Salient CRGT under the NDA, Salient CRGT is contractually entitled to equitable and injunctive relief without the need to post a bond or security.  NDA ¶ 10.

140.    As a direct and proximate result of SBD's breach, Salient CRGT has suffered irreparable harm.  Salient CRGT will continue to suffer irreparable harm if SBD is not preliminarily and permanently enjoined.  The irreparable harm to Salient CRGT consists of the misappropriation of its Trade Secrets, loss of business reputation, and breach of confidentiality, all of which cannot be compensated by monetary damages.

141.    Salient CRGT has no adequate remedy at law because SBD's actions are affecting Salient CRGT's goodwill, reputation, and ability to compete in a highly competitive marketplace.

WHEREFORE, Plaintiff Salient CRGT, Inc. respectfully requests that this Court (i) order that Defendants must immediately return to Salient CRGT its confidential and proprietary information; (ii) order that Defendants must immediately destroy and/or delete Salient CRGT's confidential and proprietary information and certify that it has taken such actions; (iii) order that SBD must immediately withdraw its POG 6 quote as it was submitted in violation of the parties'

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

agreement and contains Salient CRGT's confidential and proprietary information which

Defendants are not authorized to use; and (iv) order that Salient CRGT is entitled to any further

relief the Court deems just and proper.

SALIENT CRGT, INC.
By Counsel

/s/ Brent R. Gary
Brent R. Gary (VSB #66592)
Nicholas V. Albu (VSB # 78229)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102
(703) 641-4226 (telephone)
(703) 641-4340 (facsimile)
bgary@reedsmith.com
nalbu@reedsmith.com

Larry P. Block (VSB #43860)
Elizabeth G. Leavy *(pro hac vice to be submitted)*
REED SMITH LLP
1301 K Street NW
Suite 1000- East
Washington, DC 20005
(202) 414-9210 (telephone)
lblock@reedsmith.com
eleavy@reedsmith.com

*Counsel for Salient CRGT, Inc.*

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO
SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2020, a true and accurate copy of the foregoing was sent

by U.S. Mail to:

> Patrick Norman
> Registered Agent
> Solutions by Design, II LLC
> 1953 Gallows Road, Suite 650
> Vienna, VA 22182

and by e-mail and U.S. Mail to:

> Solutions by Design II, LLC
> 1953 Gallows Road, Suite 650
> Vienna, VA 22182
> SBDContracts@sbd2.com
>
> Curtis Hall
> 5710 25th Street, N.
> Arlington, VA  22205
> Curt.Hall@sbd2.com

> /s/ Brent R. Gary
> Brent R. Gary (VSB #66592)
> REED SMITH LLP
> 7900 Tysons One Place
> Suite 500
> McLean, VA  22102
> (703) 641-4226 (telephone)
> (703) 641-4340 (facsimile)
> bgary@reedsmith.com
>
> *Counsel for Plaintiff Salient CRGT, Inc.*

**CONTAINS CONFIDENTIAL AND PROPRIETARY INFORMATION SUBJECT TO A MOTION TO SEAL UNDER RULE 5 OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA'S LOCAL RULES AND A FORTHCOMING PROTECTIVE ORDER**